**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| TRUGREEN COMPANIES, L.L.C., a Delaware limited liability company, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MOWER BROTHERS, INC., et al., <br><br> Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br><br> Case No. 1:06CV00024 |

This second phase of summary judgment arguments requires the court to determine whether its prior order striking TruGreen's expert report and precluding the expert from testifying at trial necessitates dismissal of TruGreen's entire case against Defendants. As an initial matter, the court finds that TruGreen has failed to provide any persuasive arguments as to why the court should reconsider its order striking Mr. Elggren and thus DENIES TruGreen's motion to reconsider (#258). Moreover, the court GRANTS Defendants' motions to strike deposition exhibit 93 (#262) and strike and exclude lay or expert testimony of Mitchell Smith as to damages (#268). With this backdrop, the question becomes whether TruGreen has provided sufficient evidence of causation and damages from other sources to preclude summary judgment. The court finds that, with respect to the Idaho claims, TruGreen has failed to provide sufficient evidence to preclude summary judgment under Idaho law.

TruGreen contends that it has provided the court with sufficient evidence of causation and damages to support both a lost profits theory and an unjust enrichment theory of damages, even in the absence of Mr. Elggren's expert report. The unjust enrichment theory measures damages by the amount of defendant's profits, while the lost profits theory measures damages as the amount of profit lost to the plaintiff because of the breach. TruGreen maintains that it can demonstrate that it was damaged by each defendant's alleged wrongful conduct by offering the testimony of TruGreen officers and upper management, who can testify as to TruGreen's business practices, their personal interactions with the defendants, and their observations on the decline of TruGreen's sales and the success of Mower Brothers. At the very least, TruGreen argues that its potential entitlement to nominal damages precludes the court from disposing of the case on summary judgment.

Defendants argues that in the absence of Mr. Elggren's report, there is no evidence in the summary judgment record from which a reasonable juror could estimate damages. Defendants contend that TruGreen's proposed lay witnesses are not qualified to opine as to what alleged lost profits were sustained as a result of any of the Defendants' actions, including an inability to assess the various intervening causes that impact damages. Moreover, even if these witnesses were qualified to provide damages testimony, Defendants assert that these witnesses' testimony still fails to demonstrate any damages caused by the Defendants. Lastly, should TruGreen be entitled to nominal, and only nominal damages, Defendants assert that summary judgment would still be appropriate because they should not be burdened with a trial under such circumstances.

The court finds that TruGreen has failed to produce evidence that would raise a reasonable inference supporting causation and damages under a lost profits theory of damages. TruGreen has failed to provide any admissible evidence that shows a causal connection between TruGreen's alleged damages and the alleged wrongful conduct of the Idaho defendants. In arriving at this conclusion, the court only considered evidence in the summary judgment record – a record that contains little actual testimony showing damages and causation. The court finds that even if the lay witnesses identified by TruGreen are qualified to testify regarding damages, these witnesses' testimony fails to show how the Defendants' alleged wrongful conduct damaged TruGreen. Because Idaho has expressly adopted a lost profits measure of damages for the claims at issue, the court finds it appropriate to grant summary judgment for Defendants on all of TruGreen's Idaho claims. Finally, the court finds that TruGreen's potential entitlement to nominal damages does not preclude summary judgment because Idaho courts decline to remand cases for trial when a plaintiff is entitled to nominal damages and TruGreen's "non-monetary" reasons for proceeding to trial are unpersuasive.

With respect to the Utah claims, however, the court finds that no Utah court has expressly addressed the appropriate measure of damages for the Utah claims at issue in this case. Consequently, the court will certify questions to the Utah Supreme Court regarding the proper measure of damages for the breach of an employment agreement, tortious interference with contractual and economic relationships, and violation of Utah's Unfair Competition Act.

Accordingly, the court GRANTS in part and DENIES in part Defendants' motion for summary judgment – granting summary judgment for Defendants on all of TruGreen's Idaho claims.

## BACKGROUND

In its summary judgment order dated February 13, 2007, the court addressed the parties' cross-claims for summary judgment as to all Defendants and as to all claims.  The court denied TruGreen's motion for summary judgment and granted in part and denied in part Defendants' motion for summary judgment.  Specifically, the court declined to grant summary judgment for the following defendants on the following claims: claims against Hiller, Clogston, Deerfield, Van Acker, Roehr, Gaythwaite, and LeBlanc for breach of the non-competition covenant; claims against Mantz, Gaythwaite, LeBlanc and Stephensen for breach of the confidentiality provision; claims against Mantz, Gaythwaite, and Hiller for breach of non-interference provision; claims against Mower Brothers, Scotts, Greenside, Bitton, Babilis (collectively "Mower Brothers"), and Mantz, Hiller, and Gaythwaite for intentional interference with contractual relations; and claims against the Mower Brothers for intentional interference with economic relations and unfair competition.

Also contained in the court's February 13th summary judgment order is a section on damages in which the court granted Defendants' motion to strike Mr. Elggren's expert report and preclude him from testifying at trial.  The court directed the parties to brief the issue of whether the court's preclusion of damage testimony from Mr. Elggren should result in the entire case

being dismissed. In addition to the briefs explaining the parties' respective positions on the damages issues, the court received: a motion to strike and exclude lay or expert testimony of Mitchell Smith as to damages; a motion to strike Deposition Exhibit 93 and all reference to Exhibit 93 in TruGreen's damages memorandum; and, a motion to reconsider the court's order striking Mr. Elggren.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] In evaluating a motion for summary judgment, the evidence and reasonable inferences drawn therefrom should be viewed in the light most favorable to the nonmoving party.[2] Because the heart of this motion regards the issue of damages, summary judgment will be denied if there is a genuine issue of fact from which a reasonable juror could conclude that the respective Defendants caused damage to TruGreen as a result of their alleged wrongful conduct.[3]

---

[1] Fed. R. Civ. P. Rule 56(c); *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

[2] *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998).

[3] *See Walter v. Stewart*, 67 P.3d 1042, 1047 (Utah Ct. App. 2003) (declining to rule as a matter of law on a legal malpractice claim because a party produced evidence raising "a reasonable inference supporting both actual and proximate causation").

**DISCUSSION**

The court must determine whether its prior order striking Mr. Elggren's report and precluding him from testifying at trial necessitates dismissal of TruGreen's entire case against Defendants. The court finds that TruGreen has failed to produce evidence that would raise a reasonable inference supporting causation and damages under a lost profits theory of damages. Because Idaho has expressly adopted a lost profits measure of damages for the claims at issue, the court finds it appropriate to grant summary judgment for Defendants on all of TruGreen's Idaho claims. However, no Utah court has expressly addressed the proper measure of damages for the breach of an employment agreement, tortious interference with contractual and economic relationships, and violation of Utah's Unfair Competition Act. The court, therefore, withholds judgment on the Utah claims and will certify questions regarding these damages issues to the Utah Supreme Court.

*A. Analysis Under a Lost Profits Theory of Damages*

Although TruGreen seeks the application of an unjust enrichment measure of damages, it nevertheless contends that it has provided sufficient evidence of causation and damage to support a lost profits theory of damages. A lost profits measure of damages is the amount of profit lost to the plaintiff because of the breach, tortious interference, or unfair competition.[4] TruGreen asserts that it can prove causation and damages under a lost profits theory through lay witness testimony and other evidence, even in the absence of Mr. Elggren's expert report. Specifically, TruGreen

---

[4] *See, e.g., Dunn v. Ward*, 670 P.2d 59, 61 (Idaho 1983).

maintains that it can demonstrate that it was damaged by Defendants' conduct by offering the testimony of TruGreen officers and upper management, who can testify as to TruGreen's business practices, their personal interactions with the Defendants, and their observations on the decline of TruGreen's sales and the success of Mower Brothers.  Also, TruGreen contends that these witnesses may offer testimony regarding: (1) confidential information that has transferred into revenue gains for Defendants, (2) TruGreen's past financial performance, (3) TruGreen customers lost to Defendants, (4) the causal relationship between the employee defendants breach/departure and TruGreen's damages (including "Exhibit 93," which compares the total revenue generated by the defendants in 2005 with the 2006 revenue generated by newly hired employees), and (5) any other potential confounding cause of TruGreen's decreased sales in 2006.  At the very least, TruGreen argues that it is entitled to nominal damages should they prevail at trial on their breach of contract claims.

      Defendants counter that in the absence of Mr. Elggren's report, there is no evidence in the summary judgment record from which a reasonable juror could estimate damages. Defendants argue that TruGreen's proposed lay witnesses are not qualified to opine as to what alleged lost profits were sustained as a result of any of the defendant's action, including an inability to assess the various intervening causes that impact damages.  Moreover, even if these witnesses were qualified to provide damages testimony, Defendants asserts that these witnesses' testimony still fails to demonstrate any damages caused by the Defendants.  Should TruGreen be entitled to nominal, and only nominal damages, Defendants maintain that summary judgment

would still be appropriate because Defendants should not be burdened with a trial when there are only nominal damages available.

The court agrees with Defendants and finds that TruGreen has failed to provide the court with evidence that would raise a reasonable inference supporting causation and damages. TruGreen has failed to provide any admissible evidence that shows a causal connection between TruGreen's alleged damages and the alleged wrongful conduct of the Defendants.  Even if the court were to consider (which it will not) what appears to be TruGreen's best possible evidence of damages – Mitchell Smith's testimony and his ability to testify as an expert, that TruGreen has not met its budgeted figures in 2006, and Exhibit 93 – this evidence still fails to show the requisite causal connection because: (1) there is no testimony establishing that any of the Defendants were responsible for TruGreen's alleged failure to meet its 2006 budget; (2) a comparison of the employee defendants' 2005 sales with the 2006 sales of other new TruGreen employees does not show a relationship between TruGreen's alleged losses and Defendants' gains; and, (3) Mr. Smith has not provided any evidence showing what damage is attributable to the Defendants remaining in this case.  In fact, TruGreen has failed to produce any evidence of what damage to TruGreen is attributable to any of the Defendants.

A critical problem with TruGreen's position is that it lacks support in the summary judgment documents.  As Defendants noted in their reply brief, "TruGreen merely recites the alleged *foundation* it intends to provide at trial for its lay witness testimony, without reciting actual *testimony* in the summary judgment record demonstrating what damages purportedly were

caused by defendants."[5] Specifically, TruGreen's identification of lay witness testimony and other evidence supporting its prima facie case – under the headings: specific items of misappropriated confidential information, TruGreen's past financial performance, TruGreen customers lost to [Mower Brothers], the causal relationship between the employee defendants breach/departure and TruGreen's damages, impact of hire dates on TruGreen's losses and Defendants' revenue gains, effect of the Ogden consolidation on TruGreen's damages, and any other potential confounding cause of TruGreen's decreased sales in 2006 – do not reference a potential calculation or measure of damages other than profit decreases by TruGreen and gains by Defendants. This is insufficient under a lost profits theory of damages.

The court recognizes that calculating damages in these types of cases can be extremely difficult, and in its skillful briefing on this issue, TruGreen has cited many courts that have held such.[6] But this difficulty does not excuse TruGreen from its obligation to provide reasonably specific damages calculations for each defendant when operating under a lost profits theory of damages – a theory expressly adopted by Idaho courts.

In *Dunn v. Ward*, the Idaho Court of Appeals noted that the "measure of damages for the breach of an anti-competition clause is the amount that the plaintiff lost by reason of the

---

[5] Def.s' Reply Damages Mem. 3.

[6] *See, e.g., Nat'l Merch. Corp. v. Leyden*, 348 N.E.2d 771 (Mass. 1976) (applying an unjust enrichment measure of damages in a non-competition case in part because of the difficulty of measuring damages under a lost profits theory).

breach."[7]  The *Dunn* court erased any doubt as to the proper measure of damages for breach of anti-competition agreements in Idaho when it noted that a "plaintiff must prove that he was injured by the breach and show the amount of damage caused to him.  The measure of damages is not the amount of profits made by the defendant, rather it is the amount of profit lost to the plaintiff because of the breach."[8]  Much like TruGreen, the plaintiff in *Dunn* "presented no evidence at all showing any loss of business, loss of customers or loss of profit to his own business attributable to [defendant's] breach. In addition, although [plaintiff] presented some proof of [defendant's] profits, he failed to show any relation between those profits and [plaintiff's] losses."[9]  Supporting a lost profits theory of damages for tortious interference claims, the Idaho Supreme Court noted that "in cases of tortious interference with an established business that damages for loss of anticipated earnings or profits must be shown with reasonable certainty."[10]

Unfortunately for TruGreen, because Idaho courts have adopted a lost profits measure of damages for the relevant Idaho claims in this case, and because TruGreen has provided the court with no evidence that would raise a reasonable inference supporting causation and damages, the court finds it appropriate to grant summary judgment in favor of Defendants on all Idaho claims

---

[7] 670 P.2d 59, 61 (Idaho Ct. App. 1983).

[8] *Id.*

[9] *Id.* at 62.

[10] *Nora v. Safeco Ins. Co.*, 577 P.2d 347 (Idaho 1978) (internal quotations omitted).

under a lost profits standard.  However, because TruGreen may be entitled to nominal damages, it argues that this court should allow it to nevertheless proceed to trial on its Idaho claims.  The court disagrees.

### B.  Potential Entitlement to Nominal Damages

Having found that TruGreen has failed to produce sufficient evidence supporting causation and damages under a lost profits theory, the court turns its attention to the issue of whether the court should nevertheless allow TruGreen to proceed to trial on its Idaho claims.  TruGreen asserts that it is entitled to proceed to trial on the merits even if it is only entitled to nominal damages because prevailing on its contract claims at trial would potentially result in the recovery of attorney fees and would allow TruGreen to vindicate its rights regarding the enforceability of its non-competition agreements.  Defendants contend that an entitlement to nominal damages does not preclude summary judgment in their favor because Utah and Idaho courts consistently decline to remand cases if the damages are only nominal, and TruGreen should not be allowed to burden Defendants with a trial if only nominal damages are available.

The court is persuaded that TruGreen's potential entitlement to nominal damages does not preclude summary judgment for the Defendants on all Idaho claims for the following three reasons.  First, the court finds sufficient support under Idaho case law for the granting of summary judgment where there are only nominal damages available to the plaintiff.[11]  Second,

---

[11] *See Roemer v. Green Pastures Farms, Inc.*, 548 P.2d 857, 859 (Idaho 1976) ("Assuming without deciding that the plaintiffs were entitled to nominal damages, we will not reverse 'for mere failure to allow nominal damages where, as here, the issue is one of damages

the court is not persuaded that a "victory" at trial for TruGreen on its contract claims will result in recovering its attorney fees under Idaho law.[12]  Third, TruGreen has asserted an interest in a "declaration from a court that its Employee Confidentiality/Non-Compete Agreement is enforceable as a matter of law."[13]  This argument for proceeding to trial is also unpersuasive to the court because (1) it is not clear whether a jury would find the facts necessary to hold the non-competition agreements enforceable, and (2) any such finding by the jury would be limited to the facts of the individual employees.  In other words, just because the "court" might conclude that the non-competition agreement was enforceable to a particular defendant in this case does not mean that the agreement would be enforceable for any other employee.  Such a finding would have minimal precedential value.

The court's decision on this issue is further supported by the defamation case *Lamb v. Rizzo*, in which the Tenth Circuit refused to remand a case for assessment of nominal damages because of the burden on the defendant of going to trial.[14]  Granted, the defendant in *Lamb* was

---

alone.'") (citing *Weaver v. Pacific Finance Loans*, 487 P.2d 939, 941 (Idaho 1971));  *Alm v. Johnson*, 275 P.2d 959, 960 (Idaho 1954) ("Courts will not reverse a judgment for a defendant merely for the purpose of permitting the recovery of nominal damages where no question of costs and no important or substantial rights are involved.").

[12] *See* Idaho R. Civ. P. 54(d)(1)(B) ("In determining which party to an action is a prevailing party and entitled to [attorney fees], the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties.").

[13] Pl.'s Reply to Def.s' Damages Mem. at 17.

[14] 391 F.3d 1133, 1137 (10th Cir. 2004).

incapable of sustaining other harm – a "libel-proof plaintiff" – but the policy considerations remain the same. In addition to the burden on Defendants, the court is also sensitive to the burden placed on the citizens of this state that may be called for jury duty. TruGreen's potential entitlement to nominal damages does not preclude the court from granting summary judgment for Defendants on all remaining Idaho claims.

## CONCLUSION

For the reasons stated above, the court GRANTS in part and DENIES in part Defendants' motion for summary judgment. Specifically, the court grants summary judgment for defendants Jason Hiller, James Clogston, Rick Deerfield, David Van Acker, and Tammy Roehr on all of TruGreen's claims against them; and the court grants summary judgment for defendants Mower Brothers, Scotts, Greenside, Bitton, and Babilis on all claims against them that arose in Idaho.

SO ORDERED.

DATED this 8th day of June, 2007.

BY THE COURT:

_____
Honorable Paul G. Cassell
United States District Judge