**UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| TRUGREEN COMPANIES, L.L.C., a Delaware limited liability company, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br><br>MOWER BROTHERS, INC., a Utah corporation, et al.,<br><br>        Defendants. | **ORDER CERTIFYING QUESTIONS OF LAW TO THE UTAH SUPREME COURT**<br><br><br><br><br><br>Case No. 1:06CV00024 PGC |

The impetus for this certification is a dispute over the proper measure of damages for the breach of an employment agreement, tortious interference with contractual and economic relationships, and violation of Utah's Unfair Competition Act.  Plaintiffs TruGreen Companies, L.L.C., and TruGreen Limited Partnership ("TruGreen") assert claims against four former TruGreen employees, Ryan Mantz, Lary Gaythwaite, James LeBlanc, and David Stephensen ("employee defendants"), along with their current employer, Mower Brothers, Inc., and two directors of Mower Brothers, Jean Babilis and Kevin Bitton.  First, TruGreen alleges that the employee defendants have breached three provisions of the TruGreen employment agreements: a non-competition provision, a non-disclosure provision, and an employee non-solicitation provision.  Second, TruGreen asserts that Mower Brothers, Bitton, Babilis, and some of the employee defendants tortiously interfered with TruGreen's economic and contractual

relationships.  Third, TruGreen alleges that Mower Brothers, Bitton, and Babilis violated Utah's Unfair Competition Act, Utah Code Ann. § 13-5a-103.  Defendants deny these claims in all respects.

With regard to potential damages in this case, TruGreen asserts that an unjust enrichment or restitution measure of damages is appropriate for all of its claims.  The measure of damages under an unjust enrichment theory is generally the amount of defendant's profits.  Defendants argue that the appropriate measure of damages is lost profits, which is the amount of profit lost to the plaintiff because of the breach, interference, or unfair competition.  The Court has determined that there appears to be no controlling Utah law addressing these damages issues.

Consequently, pursuant to Rule 41 of the Utah Rules of Appellate Procedure, the United States District Court for the District of Utah certifies to the Utah Supreme Court these questions of law, which are controlling in the above-captioned matter now pending before this Court:

1.  Whether under Utah law a former employer is entitled to an award of lost profits damages, or instead an award of restitution or unjust enrichment damages, where a former employee has breached contractual non-competition, non-disclosure, and employee non-solicitation provisions?

2.  Whether Utah law recognizes an unjust enrichment measure of damages for tortious interference with a competitor's contractual and economic relations?

3.   Whether "actual damages" under Utah Code Ann. § 13-5a-103(1)(b)(i), the Utah

Unfair Competition Act, means the plaintiff's lost profits or an award of damages defined by the

defendant's revenues?

To provide some context to the three certified questions, some brief discussion is in

order.  The parties disagree over the appropriate theory of damages to be applied in this case.

TruGreen asserts that an unjust enrichment or restitution measure of damages is appropriate for

all of its claims, while the Defendants argue that the appropriate measure of damages is lost

profits.  This Court will briefly address the parties' arguments as they relate to the various causes

of action to clarify the scope of the three certified questions.

*1.  Breach of Contract Claims*

TruGreen seeks restitutionary damages against the employee defendants for their alleged

breach of the non-competition, non-disclosure, and employee non-solicitation provisions in the

employee contracts.  The Defendants contend that any possible damages are limited to

TruGreen's own net lost profits proximately caused by specific breaches by each particular

defendant.  The Defendants point out that the majority of state courts that have addressed this

issue appear to limit damages to the employer's lost profits or other consequential losses.[1]  The

---

[1] *See, e.g., Am. Air Filter Co. v. McNichol*, 527 F.2d 1297, 1300 (3d Cir. 1975) (limiting damages to lost profits when addressing a breach of a non-competition agreement); *The Toledo Group, Inc. v. Benton Indus., Inc.*, 623 N.E.2d 205, 211 (Ohio Ct. App. 1993) (applying a lost profits measure of damages to breach of non-disclosure agreement); *Nationscredit Corp. v. CSSI, The Support Group, Inc.*, 2001 Tex. App. LEXIS 1313 (Tex. App. Mar. 21, 2002) (noting that unjust enrichment is not a proper measure of damages for breach of a non-solicitation agreement).

Defendants assert that these courts have chosen to limit damages in this way by applying general contract principles recognized in Utah – such as the principle that a non-breaching party is entitled to recover its "expectation interest," which involves placing the non-breaching party in as good a position as if the contract were performed.[2]   The Defendants also cite the Utah principle that "a party to a contract has a right of rescission and an action for restitution as an alternative to an action for damages where there has been a material breach of the contract by the other party."[3]  Additionally, Defendants argue that the Utah Supreme Court uses the terms "restitution" and "unjust enrichment" interchangeably to describe the equitable remedy that involves restoring to a plaintiff the benefit it provided to a party that is not subject to an express contract.[4]  A court's application of such principles to the contract claims in this case, in the view of the Defendants, strongly supports a lost profits theory of recovery.

TruGreen responds that it is not limited to recovering its lost profits but also any unjust enrichment by the Defendants.  TruGreen first notes the difficulty of using a lost profits measure of damages in breach of non-competition, non-disclosure, and non-interference cases.  In *System Concepts, Inc. v. Dixon*, the Utah Supreme Court held that injunctive relief may be an appropriate remedy for the breach of a non-competition agreement given that "the damages that may result from the misappropriation of confidential information and goodwill 'could be

---

[2] *See, e.g., Robbins v. Finlay*, 645 P.2d 623 (Utah 1982).

[3] *Polyglycoat Corp. v. Holcomb*, 591 P.2d 449, 451 (Utah 1979).

[4] *See Am. Towers Owners Ass'n v. CCI Mech.*, 930 P.2d 1182, 1192-93 (Utah 1996).

estimated only by conjecture and not by any accurate standard.'"[5]  TruGreen then notes that the Utah Supreme Court has generally acknowledged that an injured employer may also maintain a claim for damages in addition to seeking injunctive relief.[6]  Furthermore, the Utah Supreme Court has shown a willingness to honor liquidated damage provisions in a non-competition agreement, provided the liquidated amount is reasonable, given that "[t]here is no doubt that the harm caused by the breach was one that was difficult to estimate with much accuracy."[7]

In addition to the difficulty of using a lost profits measure of damages for breach of non-competition cases, TruGreen also recounts the deterrent effect of applying an unjust enrichment theory of damages.  In *National Merchandising Corp. v. Leyden*, the Massachusetts Supreme Court held that an employee who breached a non-competition agreement and the competitor who induced the breach were liable to account for their gains associated with the breach.[8]  *Leyden* noted that "an intending tortfeasor should not be prompted to speculate that his profits might exceed the injured party's losses, thus encouraging commission of the tort."[9]  According to TruGreen, the deterrent effect resulting from restitutionary damages, coupled with the difficulty of using a lost profits measure in breach of non-competition, non-disclosure, and non-

---

[5] 669 P.2d 421, 428 (Utah 1983) (quoting *Columbia Coll. of Music & Sch. of Dramatic Art v. Thunberg*, 116 P. 280, 282 (Wash. 1911).

[6] *See Kasco Servs. Corp. v. Dixon*, 831 P.2d 86 (Utah 1992).

[7] *Robbins*, 45 P.2d at 626.

[8] 348 N.E.2d 771 (Mass. 1976).

[9] *Id.* at 775-76.

interferences cases, are more than sufficient grounds to support restitutionary damages for the contractual provisions at issue in this case.

While both parties strongly argue their respective positions, they both concede that no Utah court has expressly determined the proper measure of damages for breach of these specific contract provisions.  Consequently, this Court respectfully asks the Utah Supreme Court to answer the first certified question.

### 2. Tortious Interference with Economic and Contractual Relations

The second certified question is whether Utah recognizes an unjust enrichment measure of damages for tortious interference with a competitor's contractual and economic relations. Both parties acknowledge that the Utah Court of Appeals has generally adopted Section 774A of the Restatement (Second) of Torts as the measure of damages for tortious interference with contract.  Section 774A provides that

> (1) One who is liable to another for interference with a contract or prospective contractual relation is liable for damages for
> > (a) the pecuniary loss of the benefits of the contract or the prospective relation;
> > (b) consequential losses for which the interference is a legal cause; and
> > (c) emotional distress or actual harm to reputation, if they are reasonably to be expected to result from the interference.[10]

Despite their respective reliance on Section 774A, the parties disagree regarding the effect of the Utah Court of Appeal's adoption of this section.

---

[10] Restatement (Second) of Torts § 774A (1979).

The Defendants argue that *Sampson v. Richins* is fully instructive on this issue.[11]  In *Sampson*, the Utah Court of Appeals addressed cross-appeals on the amount of damages awarded to defendants for Sampson's intentional interference with defendants' economic relations.[12] *Sampson* upheld the trial court's damages award pursuant to Section 774A, noting that "one who is ultimately deemed liable to another for interference with economic relations is liable for 'the pecuniary loss of the benefits of the contract or the prospective relation; [or] consequential losses for which the interference is a legal cause . . . .'"[13]  Applying Section 774A, *Sampson* held that the trial court's findings regarding damages "must identify actual pecuniary losses suffered by [plaintiff] as a result of [defendant]'s conduct."[14]  In addition to their reliance on *Sampson*, Defendants point to numerous courts outside of Utah that recognize that plaintiff's lost profits, and not restitution of defendant's revenues, are the proper measure of damages for tortious interference.[15]

Although TruGreen concedes that the Utah Court of Appeals has generally adopted Section 774A, it maintains that such an adoption nevertheless allows for the application of unjust

---

[11] 770 P.2d 998 (Utah Ct. App. 1989).

[12] *Id.* at 999-1002.

[13] *Id.* at 1006-07 (quoting Restatement (Second) of Torts § 774A (1979)).

[14] *Id.*

[15] *See, e.g., Marcus, Stowell & Beye Gov't Secs., Inc. v. Jefferson Inv. Corp.*, 797 F.2d 227, 231-32 (5th Cir. 1986) (holding under Texas law that damages for tortious interference are measured by plaintiff's lost profits).

enrichment damages in some tortious interference cases.  First, TruGreen cites comment c of

Section 774A, where the commentators note that "[a] major problem with damages of this sort is

whether they can be proved with a reasonable degree of certainty."[16]  Second, TruGreen argues

that the fact Utah courts have adopted Section 774A merely supports the idea that the measure of

damages in tortious interference cases must mirror the measure of damages for the underlying

breach.  In *Storage Technology Corp. v. Cisco Systems, Inc.*, the Eighth Circuit cited Section

774A but subsequently found that under Minnesota law, "[a]n employee who breaches a

noncompetition or nondisclosure covenant can be required to account for his profits."[17]  The

court reasoned that "where the interference alleged is inducement of breach of restrictive

covenants or fiduciary duties, the remedy should mirror the restitutionary remedy available for

the breach of the covenant or fiduciary duty."[18]  Also, as was discussed above, TruGreen

contends that a lost profit measure of damages would encourage competitors and employees to

speculate that their gains will outweigh losses and thereby encourage the breach of valid and

enforceable covenants.[19]

As far as the Court and the parties can assess, no Utah court has directly addressed the

measure of damages where former employees and a competitor tortiously interfere in the context

---

[16] Restatement (Second) of Torts § 774A cmt. c (1979).

[17] 395 F.3d 921, 925 (8th Cir. 2005).

[18] *Id.*

[19] *See Nat'l Merch. Corp. v. Leyden*, 348 N.E.2d 771 (Mass. 1976).

of an employment contract containing non-competition, non-disclosure, and non-interference provisions. To determine whether Utah recognizes an unjust enrichment measure of damages for tortious interference with a competitor's contractual and economic relations, this Court respectfully requests the Utah Supreme Court to answer the second certified question.

### 3. Unfair Competition

TruGreen has asserted a claim under Utah's Unfair Competition Act, which limits recovery to "actual damages."[20] The parties differ over whether this phrases extends to lost profits or an award of damages defined by the defendant's revenues. It appears that no Utah court has interpreted the meaning of "actual damages" under this statute. Consequently, this Court respectfully aks that the Utah Supreme Court answer the third certified question.

## CONCLUSION

The Court has concluded that there is no controlling case law addressing the three questions of law discussed above. Because these questions of law are controlling in this case, this Court certifies these questions to your Court. The clerk of this Court shall transmit a copy of this Order of Certification to counsel for all parties to the proceedings in this Court. The clerk shall also submit to the Utah Supreme Court a certified copy of this Order and any other portion of the record before this Court that may be required by the Utah Supreme Court. Under Rule 41(f) of the Utah Rules of Appellate Procedure, this Court orders that each party shall bear its own fees and costs of this certification.

---

[20] Utah Code Ann. § 13-5a-103(1)(b)(i).

SO ORDERED.

DATED this 8th day of June, 2007.

BY THE COURT:

_____
Honorable Paul G. Cassell
United States District Judge